UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NATHAN D.,[1]

      Plaintiff,

  v.                                        17-CV-738-LJV
                                                  DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

      The plaintiff, Nathan D., is a prevailing party in this social security benefits action. His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 23. The defendant does not oppose the motion. Docket Item 26.

      Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      Nathan was awarded $163,428.52 in past-due benefits. Docket Item 23-3; Docket Item 23-1 at 2. His counsel seeks $5,300 in fees, which is far less than 25% of

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

the past-due benefits that the contingent-fee agreement provided for.  *See* Docket Item 23-5.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  *Id.*  The $5,300 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on June 20, 2018, this Court previously awarded Nathan's counsel $1,000.03 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 21, 22.  Because the fees granted above exceed the EAJA fees, Nathan's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[2] While the fee here constitutes an hourly rate of $1,000—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

**ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $5,300, Docket Item 23, is GRANTED; and it is further

ORDERED that Nathan's counsel shall refund the $1,000.03 in EAJA fees to Nathan within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   April 26, 2021
         Buffalo, New York

                                            */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE